976 F.2d 747
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Harold S. HEMSTREET, Appellant,
v.
LUNDY ELECTRONICS & SYSTEMS, INC., Appellee.
 No. 90-1486.
 United States Court of Appeals, Federal Circuit.
 Aug. 14, 1992.
 
 Before MICHEL and PLAGER, Circuit Judges, and SMITH, Senior Circuit Judge.
 DECISION
 PLAGER, Circuit Judge.
 
 
 1
 Appellant Harold S. Hemstreet (Hemstreet) appeals the order entering summary judgment in favor of defendant Lundy Electronics & Systems Inc. (Lundy), No. 89-C-5940 (N.D.Ill., July 23, 1990). The trial court, in reliance upon Hemstreet v. Computer Entry Systems Corp. (CES I), 741 F.Supp. 1308, 16 USPQ2d 1204 (N.D.Ill.1990), held that Hemstreet's patent infringement claims were barred by the doctrines of laches and equitable estoppel. We reverse the order granting summary judgment, vacate the judgment for Lundy, and remand.
 
 DISCUSSION
 
 2
 As the trial court noted, this case is quite similar factually to CES I, in which we have reversed the order, vacated the judgment, and remanded. Hemstreet v. Computer Entry Systems Corp., No. 90-1436 (Fed.Cir. Aug. 12, 1992). (CES II ). We refer the trial court to that opinion, and briefly mention the few factual distinctions between the two cases.
 
 
 3
 Lundy alleges that it has sold equipment with OCR devices since 1971. In 1983, prior to receipt of the notice letter, Lundy acquired the ECRM division of Addressograph-Multigraph Corporation. In 1987 Lundy acquired the Business Data Products Division of Bell & Howell. Both these businesses utilized OCR technology. Both received the July 1, 1983 Hemstreet warning letter, as did Lundy itself.
 
 
 4
 Lundy alleges economic prejudice and detrimental reliance based upon these acquisitions. Lundy further alleges that it has been prejudiced through the loss of documents and the death of witnesses. Lundy's allegations of unreasonable and inexcusable delay are based upon the same facts discussed in CES II.
 
 
 5
 * The trial court followed the District Court opinion in CES I, and held that Hemstreet's claims against Lundy likewise were barred by laches. The trial court stated that Hemstreet's delay of more than six years was presumptively unreasonable and inexcusable, but neglected any mention of Hemstreet's intervening litigation activities.
 
 
 6
 Consistent with our holding in CES II, summary judgment on the laches issue is reversed. The record before us is legally inadequate to support a finding of unreasonable and inexcusable delay. However, for the reasons set forth in CES II, Lundy shall have an opportunity to augment the record. If Lundy chooses to pursue the laches defense, it must prove both the delay and the prejudice factors in accordance with A.C. Aukerman Co. v. R.L. Chaides Construction Co., 960 F.2d 1020, 22 USPQ2d 1321 (Fed.Cir.1992) and CES II.
 
 II
 
 7
 The facts providing support for Lundy's equitable estoppel defense are virtually identical to those in the CES case. Accordingly any further pursuit of the defense of estoppel should be in accordance with our opinion in CES II.
 
 CONCLUSION
 
 8
 The order granting summary judgment is reversed, and the judgment of the trial court is vacated. On the facts of record in this case, it is difficult to imagine that, under the standards set out in Aukerman, the defense of laches can succeed. It is even less likely that the elements of estoppel exist. Nevertheless, out of an abundance of caution since all the facts may not be known, we remand the matter to the trial court for such further proceedings on these issues as may be appropriate.
 
 
 9
 Each party to bear its own costs.
 
 
 10
 ORDER REVERSED, JUDGMENT VACATED, AND REMANDED.